IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

(1) THE G.W. VAN KEPPEL COMPANY,

        *Plaintiff*,

v.

(1) CEMEN TECH INC.,

        *Defendants*.

Case No. 26-cv-00031-JFJ

### COMPLAINT (JURY TRIAL DEMANDED)

For their Complaint against Defendant Cemen Tech Inc. ("Cementech"), Plaintiff The G.W. Van Keppel Company ("Van Keppel") states:

### Nature

1. This is a civil action brought by Van Keppel against Cementech for damages caused by Cementech's sudden termination of its dealer agreement with Van Keppel ("Dealer Agreement") without proper notice, good cause or the opportunity to cure required by law in violation of the Oklahoma Fair Practices of Equipment Manufacturers, Distributors, Wholesalers and Dealer Act, Okla. Stat. Ann. tit. 15 § 244 *et seq.* ("the Oklahoma EDDA"), the Kansas Outdoor Power Equipment Dealership Act, Kan. Stat. Ann. § 16-1301 *et seq.* ("the Kansas OPEA") and the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et. seq.* ("the Missouri MPA").

### Parties

2. Plaintiff is a multi-state, multi-line outdoor power equipment dealer with locations in Oklahoma including Tulsa. Its principal place of business is in Kansas City, Kansas. It is incorporated in Missouri.

3. Cementech is a manufacturer of concrete trucks and onsite mixing equipment. Its principal place of business is Indianola, Iowa. It is incorporated in Iowa.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 as the Parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

6. The Dealer Agreement between the Parties appears to contain a choice of forum clause, but that provision is rendered invalid by the application of Okla. Stat. Ann. tit. 15 § 249 ("An attempted waiver of a provision of this act or application of this act shall be void"), Kan. Stat. Ann. § 16-1308, and/or Mo. Rev. Stat. § 407.755.

## Facts

7. Plaintiff incorporates Paragraphs 1 through 6 as if fully restated here.

8. In December 2016, Cementech and Van Keppel entered into a written Dealer Agreement in which Van Keppel was appointed the exclusive dealer for all Cementech equipment, parts and service in all of Oklahoma, Kansas and Missouri and some parts of Illinois and Arkansas.

9. For years, Van Keppel has been Cementech's number one or two performing dealer measured by equipment sales volume in dollars.

10. On September 16, 2025, by written letter, Cementech communicated to Van Keppel its intention to terminate the Dealer Agreement in its entirety.

11. In response by written letter, Van Keppel stated:

   a. The reasons for termination appeared pretextual, just parroted general language in the Dealer Agreement and had no basis in fact.

   b. The notice was impossible to address because it was so vague.

   c. The notice did not provide the right to cure period mandated by Oklahoma, Kansas and Missouri state law.

  d. None of the reasons for termination could constitute good cause under the Oklahoma EDDA, the Kansas OPEA or the Missouri MPA.

12. In its response, Van Keppel warned Cementech to withdraw the notice of intent to terminate and that a termination would result in substantial damage to Van Keppel.

13. Cementech did not reply to Van Keppel until January 7, 2026, when it sent another written letter to Van Keppel unilaterally terminating the Dealer Agreement.

14. Between September 16, 2025 and January 7, 2026, Cementech intentionally interfered with Van Keppel's ability to perform under the Dealer Agreement including refusing to process purchase orders from Van Keppel for Cementech inventory.

**Count 1 – Violations of the Oklahoma EDDA**

15. Plaintiff incorporates Paragraphs 1 through 14 as if fully restated here.

16. Van Keppel is a "Dealer" as that term is used in Okla. Stat. Ann. tit. 15 § 245.

17. Cementech is a "Supplier" as that term is used in Okla. Stat. Ann. tit. 15 § 245.

18. The Dealer Agreement between Cementech and Van Keppel was a "Dealer agreement" as that term is defined by Okla. Stat. Ann. tit. 15 § 245.

19. Okla. Stat. Ann. tit. 15 § 245A.1 prohibits the termination of a Dealer Agreement by a Supplier without good cause.

20. Cementech's termination of the Dealer Agreement between it and Van Keppel was without good cause in violation of Okla. Stat. Ann. tit. 15 § 245A.1.

21. Okla. Stat. Ann. tit. 15 § 245A.2 requires at least 180 days prior written notice of termination of a Dealer Agreement.

22. Cementech did not provide Van Keppel with 180 days prior written notice of termination in violation of Okla. Stat. Ann. tit. 15 § 245A.2.

23. Okla. Stat. Ann. tit. 15 § 245A.2 also requires that a notice of termination state all the reasons for termination and state that a Dealer has 60 days in which to cure any claimed deficiency.

24. Cementech failed to provide Van Keppel with the reasons for termination sufficient to allow Van Keppel to address any claimed deficiency and failed to give Van Keppel 60 days in which to cure any claimed deficiency, in violation of Okla. Stat. Ann. tit. 15 § 245A.2.

25. After giving notice of its intent to terminate, Cementech actively interfered with Van Keppel's ability to perform under the Dealer Agreement including refusing to process purchase orders from Van Keppel for Cementech inventory.

26. Okla. Stat. Ann. tit. 15 § 248 authorizes a private right of action in any court of competent jurisdiction for damages caused by any violation of the Oklahoma EDDA including an action for lost profits and the actual costs of litigation including attorney's fees.

27. Cementech's termination of the Dealer Agreement in violation of the Oklahoma EDDA caused Van Keppel damages including lost profits.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages including lost profits in the amount of $10 million plus the actual costs of this action including attorney's fees.

### Count 2 – Violations of the Kansas OPEA

28. Plaintiff incorporates Paragraphs 1 through 14 as if fully restated here.

29. Van Keppel is a "Retailer" as that term is used in Kan. Stat. Ann. § 16-1302.

30. Cementech is a "Supplier" as that term is used in Kan. Stat. Ann. § 16-1302.

31. The Dealer Agreement between Cementech and Van Keppel was a "Contract" as defined by Kan. Stat. Ann. § 16-1302.

32. Kan. Stat. Ann. § 16-1306 prohibits the termination of a Contract by a Supplier

without good cause.

33. Cementech's termination of the Dealer Agreement between it and Van Keppel was without good cause in violation of Kan. Stat. Ann. § 16-1306.

34. Kan. Stat. Ann. § 16-1307 mandates that a Supplier give at least 90 days prior written notice of termination.

35. Cementech did not provide Van Keppel with 90 days prior written notice of termination in violation of Kan. Stat. Ann. § 16-1307.

36. Kan. Stat. Ann. § 16-1307 also requires any notice of termination to state all the reasons for termination and provide the Dealer 60 days to cure any claimed deficiency.

37. Cementech failed to provide Van Keppel with the reasons for termination sufficient to allow Van Keppel to address any claimed deficiency and failed to give Van Keppel 60 days in which to cure any claimed deficiency, in violation of Kan. Stat. Ann. § 16-1307.

38. After giving notice of its intent to terminate, Cementech activity interfered with Van Keppel's ability to perform under the Dealer Agreement including refusing to process purchase orders from Van Keppel for Cementech inventory.

39. Kan. Stat. Ann. § 16-1308 authorizes a private right of action in any court of competent jurisdiction for the recovery of damages caused by any violation of the Kansas OPEA including an action for lost profits and the actual costs of litigation including attorney's fees.

40. Cementech's termination of the Dealer Agreement in violation of the Kansas OPEA caused Van Keppel damages including lost profits.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in the amount of $10 million plus the actual costs of this action including attorney's fees.

**Count 3 – Violations of the Missouri MPA**

41. Plaintiff incorporates Paragraphs 1 through 14 as if fully restated here.

42. Van Keppel is a "corporation engaged in the business of selling and repairing industrial, maintenance and construction power equipment" as that term is used in Mo. Rev. Stat. § 407.753.

43. Cementech is a "manufacturer, wholesaler or distributor of industrial, maintenance and construction power equipment" as that term is used in Mo. Rev. Stat. § 407.753.

44. The Dealer Agreement between Cementech and Van Keppel was a "contract" as defined by Mo. Rev. Stat. § 407.753.

45. Mo. Rev. Stat. § 407.753 prohibits the termination of a contract by a manufacturer without good cause.

46. Cementech's termination of the Dealer Agreement between it and Van Keppel was without good cause in violation of Mo. Rev. Stat. § 407.753.

47. Mo. Rev. Stat. § 407.753 also requires that a manufacturer give at least 90 days prior written notice of termination, and that the notice:

   a. state all the reasons constituting good cause for termination, and

   b. provide 60 days to cure any claimed deficiency.

48. Cementech failed to provide Van Keppel with 90 days prior written notice of termination, failed to provide the reasons for termination sufficient to allow Van Keppel to address any claimed deficiency and failed to give Van Keppel 60 days in which to cure any claimed deficiency, all in violation of Mo. Rev. Stat. § 407.753.

49. After giving notice of its intent to terminate, Cementech activity interfered with Van Keppel's ability to perform under the Dealer Agreement including refusing to process purchase

orders from Van Keppel for Cementech inventory.

50. Mo. Rev. Stat. § 407.755 authorizes a private right of action in any court of competent jurisdiction for the recovery of damages caused by any violation of the Missouri MPA including an action for lost profits and the actual costs of litigation including attorney's fees.

51. Cementech's termination of the Dealer Agreement in violation of the Missouri MPA caused Van Keppel damages including lost profits.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in the amount of $10 million plus the actual costs of this action including attorney's fees.

### Jury Demand

Plaintiff demands a trial by a jury of 12 members on all issues triable of right by a jury.

/s/ William H. Spitler
William Hayden Spitler, OBA No. 18841
*wspitler@metcalfspitlerlaw.com*
METCALF & SPITLER, PLLC
Suite 750, Thompson Building
20 East Fifth Street
Tulsa, Oklahoma 74103
(918) 508-2870 | Telephone
(918) 551-7253 | Facsimile

*Attorneys for Plaintiff, The G.W. Van Keppel Company*