# United States District Court
## for the Northern District of Oklahoma

Case No. 26-cv-031-JDR-JFJ

THE G.W. VAN KEPPEL COMPANY,

*Plaintiff*,

*versus*

CEMEN TECH INC.,

*Defendant*.

## OPINION AND ORDER

Cemen Tech, Inc. and the G. W. Van Keppel Company entered into a dealer agreement that prohibited either party from commencing any action arising out of their agreement in any forum outside of Iowa. When Cemen Tech terminated the dealer agreement, Van Keppel filed a complaint in this Court, alleging that Cemen Tech violated Oklahoma and other states' laws by terminating the agreement. Dkt. 2. Cemen Tech moved to transfer the action to the United States District Court for the Southern District of Iowa, arguing that transfer is proper under 28 U.S.C. § 1404(a) and the first-filed rule. The Court agrees that transfer is warranted under § 1404(a) based on the parties' forum-selection clause and grants Cemen Tech's motion.

### I

Cemen Tech is an Iowa corporation that manufactures concrete trucks and mixing equipment, and for nearly ten years, Van Keppel served as Cemen

Tech's exclusive dealer in Oklahoma and other states.[1] Dkt. 2 at 2; Dkt. 11-1 at 17.[2] The terms of the parties' relationship were set forth in a written reseller agreement[3] that contains the following choice-of-forum clause:

> 17.17. Choice of Forum. Each Party irrevocably and unconditionally agrees that it will not commence any action, litigation or proceeding of any kind whatsoever against the other Party in any way arising from or relating to this Agreement, including all exhibits, schedules, attachments and appendices attached hereto and thereto, and all contemplated transactions, including contract, equity, tort, fraud and statutory claims, in any forum other than the courts of the State of Iowa sitting in Warren County or, if this court does not have subject matter jurisdiction, the U.S. Southern District of Iowa, and any appellate court from any thereof. Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of these courts and agrees to bring any action, litigation or proceeding only in the courts of the State of Iowa sitting in Polk County [sic] or, if this court does not have subject matter jurisdiction, the U.S. Southern District of Iowa. Each Party agrees that a final judgment in any action, litigation or proceeding is conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by Law.

Dkt. 11-1 at 13.[4]

---

[1] Van Keppel is a Missouri company with a principal place of business in Kansas. Dkt. 2 at 1.

[2] All citations use CM/ECF pagination.

[3] Cemen Tech attached a copy of the dealer agreement to its motion. Dkt. 11-1. Van Keppel does not dispute that the attachment accurately depicts the parties' written agreement, nor does it deny that it signed the agreement and agreed to the forum-selection clause. *See* Dkt. 14 at 4-5 (acknowledging that Cemen Tech's form dealer agreement contains a mandatory forum-selection clause).

[4] The forum-selection clause contains a typographical error, identifying both Warren County and Polk County as the designated state-court venue. Van Keppel suggests this error affects the weight to be afforded the clause. Dkt. 14 at 5-6. The Court disagrees, as it

*(footnote continues)*

Cemen Tech decided to terminate the parties' agreement in late 2025. Van Keppel challenged the stated reasons for termination and the sufficiency of Cemen Tech's notice. It also argued that Cemen Tech lacked good cause for termination under the Oklahoma Fair Practices of Equipment Manufacturers, Distributors, Wholesalers and Dealers Act, the Kansas Outdoor Power Equipment Dealership Act, and the Missouri Merchandising Practices Act. The agreement was terminated over Van Keppel's objections on January 7, 2026. Dkt. 2 at 2-3.

Both parties filed lawsuits pertaining to the terminated dealer agreement. Cemen Tech moved first, filing a lawsuit against Van Keppel in Polk County, Iowa on January 7, 2026. Dkt. 11 at 6. Van Keppel, unaware of the Iowa proceeding, filed its complaint in this Court soon afterward. Dkt. 14 at 2. Once Van Keppel learned of the Iowa County lawsuit, it removed that case to the United States District Court for the Southern District of Iowa, where the case remains pending. Dkt. 11-3.

Cemen Tech moved to transfer this action to the Southern District of Iowa under the doctrine of forum non conveniens and the first-filed principle. Van Keppel opposes the motion, arguing that the forum-selection clause should not be enforced because it violates public policy, that the relevant factors do not support transfer when the forum-selection clause is disregarded, and that the first-to-file rule is inapplicable here. The Court holds that this case should be transferred under 28 U.S.C. § 1404(a) and, for that reason, does not reach the parties' arguments regarding the first-filed doctrine.

## II

The doctrine of forum non conveniens—codified at 28 U.S.C. § 1404(a) for cases involving transfers within the federal court system—

---

is evident that the parties intended all actions arising out of the agreement would be brought in Iowa, and the forum-selection clause consistently identifies the Southern District of Iowa as the appropriate federal court to resolve the parties' disputes.

permits a district court to transfer a civil action "to any other district or division where it might have been brought or to any district or division to which all parties have consented" when the court, in the exercise of its discretion, determines that a transfer would promote the convenience of the parties and witnesses and is in the interest of justice. 28 U.S.C. § 1404(a); *see Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) (recognizing that § 1404(a) "is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system"); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (recognizing discretion afforded to courts reviewing motions to transfer). Ultimately, the party requesting the transfer—in this case, Cemen Tech—bears the burden of showing that the action may proceed in the proposed forum, that the existing forum is inconvenient, and that the interests of justice will be served by the transfer. *Chrysler Credit*, 928 F.2d at 1515. But where the parties have agreed to a valid forum-selection clause, the party defying the clause has "the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 571 U.S. at 63.

The Court begins by considering whether this case could have been brought in the Southern District of Iowa. There appears to be no dispute that, from a jurisdictional standpoint, both the parties and the subject matter of this dispute could be resolved in that district. Van Keppel acknowledged in its notice of removal that the Southern District of Iowa may exercise jurisdiction over disputes arising out of the dealer agreement. *See* Dkt. 11-3 at 2-3 (acknowledging the court's original jurisdiction over the case). Van Keppel has effectively conceded to and submitted to jurisdiction in that court. This evidence, together with the evidence that Van Keppel contracted with an Iowa distributor and Van Keppel's failure to raise any jurisdictional challenges, is sufficient to satisfy the Court that a transfer would not offend the transferee court's jurisdiction.

But Van Keppel argues that the case must proceed here for other reasons. Specifically, Van Keppel argues that the forum-selection clause violates Oklahoma public policy as demonstrated by the Oklahoma Fair Practices Act of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act, Okla. Stat. tit. 15, § 244 et seq. (hereinafter the "OFPA"), and that this Court may not enforce a forum-selection clause that contravenes the public policy of the state in which it sits. *See* Dkt. 14 at 4-11 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

The Court is reticent to adopt Van Keppel's contention that a forum-selection clause should be disregarded if it contravenes state public policy. Van Keppel's argument is based on *M/S Bremen*, a Supreme Court opinion addressing the validity of forum-selection clauses in international admiralty disputes. *Bremen*, 407 U.S. at 10. The Supreme Court recently indicated that *Bremen* does not necessarily apply outside of the context in which it arose. *See Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 78 (2024) (noting that, in *Bremen*, the Court addressed a potential "conflict between federal maritime law and a foreign country's law" and that "State law was not relevant to [that] case," which "said nothing about the law or public policy of Florida"); *see also Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641–642 (1981) (recognizing that federal common law developed under admiralty jurisdiction is not freely transferable to the diversity setting). Given the Supreme Court's recent statements, the Court questions the continued viability of any public-policy exception allegedly established by *Bremen*. *See Inamdar v. Massage Luxe Int'l, LLC*, No. CV 25-6045 (RK) (JTQ), 2026 WL 1469609, at *4 (D.N.J. May 26, 2026) (noting that the "continued validity" of the public-policy exception "is somewhat dubious" following the Supreme Court's decision in *Great Lakes*).

It is also unclear why Oklahoma's public policy should be determinative in a dispute regarding a multi-jurisdiction dealer agreement that all signatories agreed should be resolved elsewhere. "[W]hen a party bound by a

forum-selection clause flouts its contractual obligation and files suit in a different forum," some of the benefits that would ordinarily be afforded to the plaintiff's choice of forum, including continued application of the original venue's choice-of-law rules following a § 1404(a) transfer, will not apply. *Atl. Marine*, 571 U.S. at 64. Van Keppel has not provided any compelling reason why Oklahoma's public-policy considerations should be applied—and given controlling effect—in a case filed in contravention of a forum-selection provision.

The Court need not determine whether the public-policy exception remains viable because, in this case, there is no evidence that Oklahoma has a strong public policy disfavoring the parties' forum-selection clause. Van Keppel suggests that support for such a policy may be found in (1) § 251 of the OFPA, which grants any person injured by a violation of the OFPA to "bring a civil action in a court of competent jurisdiction in [Oklahoma] to enjoin further violations and to recover the damages sustained by him," and (2) § 249 of the OFPA, which voids any party's attempt to waive any provision or application of that Act. Van Keppel argues that, taken together, these sections evidence a public policy that "does not allow manufacturers to impose contractual out-of-state forum selection clauses on dealers." Dkt. 14 at 6.

The Court rejects Van Keppel's argument that Oklahoma's public policy can be established from §§ 249 and 251, standing alone. Another section of the statute, § 248, must be considered when assessing the public policy expressed by the OFPA. Significantly, § 248 provides dealers with broader venue-selection options than other OFPA plaintiffs: While most plaintiffs are only authorized to assert their OFPA claims in Oklahoma, *dealers* who seek to assert OFPA claims against *suppliers* are authorized to do so in any competent court. *Compare id.* at § 251 (authorizing injured persons to bring suit "in this state"), *with id.* at § 248 (permitting dealers to bring actions against suppliers in "a court of competent jurisdiction" without geographic constraints).

Section 248 does not contain the "in this state" limitation that is present in § 251. The Court must assume the omission was intentional and that, while the Oklahoma legislature may have intended to prohibit suppliers like Cemen Tech from suing dealers outside of Oklahoma,[5] it did not intend to place similar constraints on dealers pursuing claims against suppliers. *See Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992) (recognizing that the cardinal canon of statutory interpretation requires courts to "presume that a legislature says in a statute what it means and means in a statute what it says there").

Taken as a whole, the OFPA does not establish a policy opposing *all* forum-selection clauses, as Van Keppel suggests. Dkt. 14 at 6. At most, the OFPA establishes that an out-of-state supplier (or other injured party) cannot force a dealer to *defend itself* from an OFPA claim asserted outside of Oklahoma. This is the right that cannot be waived under § 249. The OFPA preserves a dealer's right to *pursue* OFPA claims in any state of its choosing that is competent to hear its claims. *See* Okla. Stat. tit. 15, §§ 248, 251. There is nothing in the Act suggesting that a dealer may not exercise that choice by consenting to a forum-selection clause. *See Tucker v. Cochran Firm-Crim. Def. Birmingham L.L.C.*, 2014 OK 112, ¶ 26, 341 P.3d 673, 683 (recognizing that a plaintiff effectively exercises its venue privilege when it enters an agreement containing a valid forum-selection clause). The Court holds that the OFPA

---

[5] The language of § 251 is permissive, not exclusive. That section provides that an aggrieved person "may" bring an action in Oklahoma when his business or property is injured by a violation of the Act, but it does not expressly provide that he or she is precluded from proceeding elsewhere. Okla. Stat. tit. 15, § 251. Because a more specific statute addresses Van Keppel's claims against Cemen Tech, it is not necessary to resolve the precise scope of § 251 here. *See Morton v. Mancari*, 417 U.S. 535, 550–51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."). The Court assumes, for purposes of this opinion only, that § 251 requires injured parties other than dealers to pursue their OFPA claims within the state of Oklahoma.

does not express a public policy prohibiting dealers from agreeing to pursue claims against suppliers outside of Oklahoma.

The Court disagrees with Van Keppel's suggestion that *Cowin Equipment Co. v. Terex USA, LLC*, 260 So. 3d 813 (Ala. 2018), is instructive here. Dkt. 14 at 7-8. In *Cowin*, the Alabama Supreme Court considered whether the Alabama Heavy Equipment Dealers Act expressed a public policy disfavoring outbound forum-selection clauses. The court answered that question in the affirmative and, in doing so, it relied on provisions that are not present in the OFPA, including provisions (1) permitting aggrieved persons to bring a civil action within Alabama "[n]otwithstanding the terms, provisions, or conditions of any dealer agreement," and (2) prohibiting suppliers from requiring dealers to prospectively sign a release that would relieve any person (including the supplier) from any obligation under the AHEDA. *Cowin*, 260 So. 3d at 818-19 (citing Ala. Code §§ 8-21B-8(d), 8-21B-13). Although the Alabama Supreme Court concluded, based on these and other provisions, that the AHEDA "expressed a strong public policy against any provision in a dealer agreement that would foreclose a dealer's right to seek redress . . . in the state of Alabama," *id.* at 822, it does not follow that the OFPA, which contains different provisions and expressly authorizes dealers to pursue claims outside of the state, expresses the same policy.[6] The AHEDA may very well express

[6] There are some similarities between the OFPA and the AHEDA. For example, the AHEDA is incorporated into every dealer agreement subject to the AHEDA, while the OFPA is supplemental to dealer agreements that provide dealers with greater protection than the Act provides. *Compare* Ala. Code § 8-21B-9, *with* Okla. Stat. tit. 15, § 250A. Similarly, the AHEDA provides that any provision that purports to relieve any party of its obligations under that Act is void and unenforceable, and the OFPA contains similar (albeit less extensive) language. *Compare* Ala. Code § 8-21B-8(d), *with* Okla. Stat. tit. 15, § 249. Notwithstanding these similarities, the differences between the acts are significant. The AHEDA provides more unequivocal protections than the OFPA, and the AHEDA does not adopt the OFPA's practice of permitting dealers to pursue claims in any competent jurisdiction. In light of these differences, the Court concludes that the OFPA reflects a different public policy than its Alabama counterpart, and *Cowin* is therefore unpersuasive.

a public policy requiring Alabama dealers to bring their Alabama claims in Alabama, notwithstanding any agreement they may have made to the contrary. The OFPA, however, does not constrain Oklahoma dealers in a similar manner.

The OFPA does not establish a public policy that would bar the enforcement of the forum-selection clause in this case, and Van Keppel has pointed to no other evidence in support of its contention that parties' forum-selection clause violates Oklahoma public policy. Because the OFPA neither prohibits nor expresses a public policy opposing venue-selection clauses that require dealers to pursue OFPA claims outside of Oklahoma, the Court concludes that the venue-selection provision at issue in this case does not violate the public policy of Oklahoma and is enforceable under Oklahoma law.

Having rejected Van Keppel's challenge to the enforceability of the venue-selection provision, the Court next turns to the question of whether this case should be transferred under § 1404(a). The Court has already determined that this action could have been brought in the Southern District of Iowa, so all that remains is to determine whether a transfer is warranted. *Atl. Marine*, 571 U.S. at 63; *Chrysler Credit*, 928 F.2d at 1515.

When analyzing whether a transfer would serve the interests of convenience and justice, courts will ordinarily consider the plaintiff's choice of forum, the availability of witnesses and evidence, the availability of compulsory process, the enforceability of any judgment, the obstacles that may preclude a fair trial, conflicts of laws, the advantage of having local courts determine local issues, and any other practical considerations that may bear on that question. *See Chrysler Credit*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). But a valid forum-selection clause changes the court's calculus significantly. A court evaluating a motion to transfer based on a valid forum-selection clause should not consider either the plaintiff's choice of forum or any arguments concerning the parties'

private interests and should consider only factors and arguments pertinent to the public interest. *Atl. Marine*, 571 U.S. at 63-64. The practical result of this limitation is that valid forum-selection clauses will be outcome-determinative in all but the most unusual cases. *Id.* at 64 (recognizing that public-interest factors "will rarely defeat a transfer motion" and that, as a result, "forum-selection clauses should control except in unusual cases").

The Court finds that the forum-selection clause controls here. Van Keppel contracted with Cemen Tech, an Iowa company, to sell Cemen Tech's products. Although some of those products were sold in Oklahoma, Van Keppel also served as Cemen Tech's exclusive dealer in other states and counties. Although Van Keppel argues that it has no sizeable presence in Iowa, it concedes that Cemen Tech—the supplier it contracted with—is a citizen of that state. Dkt. 2 at 1. When Van Keppel obtained the benefit of serving Cemen Tech in multiple jurisdictions, it agreed that it would only sue Cemen Tech in its home state. That promise significantly outweighs the Van Keppel's private concerns of suing in a state where it has a facility and where witnesses may be located—concerns that are not entitled to any weight when a valid forum-selection clause is at issue. Because the parties' agreement establishing Iowa as the parties' choice-of-forum outweighs any other § 1404(a) factors, the Court holds that this case should be transferred to the Southern District of Iowa.

DATED this 23d day of September 2026.

JOHN D. RUSSELL
*United States District Judge*